Total ..................................... $2,944.69

### INTERSTATE TOBACCO CO., Inc., v. GROSJEAN, Supervisor of Public Accounts, et al.

### No. 505.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 8, 1932.

Chandler & Chandler, of Shreveport, La., for complainant.

Peyton R. Sandoz and Justin C. Daspit, both of Baton Rouge, La., and Robt. J. O'Neal, of Shreveport, La., for respondents.

DAWKINS, District Judge.

This is a suit to enjoin the state supervisor of public accounts from interfering with the business of plaintiff by attempting to collect the state tax upon cigarettes, cigars, tobacco, etc., upon the ground that plaintiff and its business are immune from taxation under the commerce clause of the Federal Constitution (article 1, § 8, cl. 3). The material facts have been stipulated and I find them to be as so agreed upon. I think they show that the individuals back of the corporation are using mere paper forms to avoid being taxed upon an otherwise taxable business, or the transactions which it involved. The paper corporation was created under the laws of Oklahoma, but has never functioned in that state. One individual, who at the time it was conceived, was a resident and citizen of this state, has taken up his abode in a hotel room in the town of Marshall, Tex., for the purpose of receiving and repacking cigarettes shipped there from Shreveport, La., by another corporation, in which the stockholders and officers were likewise his associates in the formation of the Oklahoma corporation. Solicitors obtain orders from persons in this state which are sent to this representative at Marshall, and the Louisiana corporation ships to him the merchandise to fill these orders. All he does is to repack them in individual packages and in quantities to fill the orders, place them back in one large package, probably the same container in which they are received, and then sends them to one or more other individuals purporting to represent the plaintiff, at points in Louisiana, who break the large package and make house to house deliveries of the smaller ones to fill the orders and collect the price. If the package is not taken and paid for it is returned to the Marshall, Tex., address.

My conclusion is that the mere shipping of these goods out of the state and back in again cannot relieve them or the sales thereof from being subject to the tax. When they start on their journey from Shreveport their destination is to another point in the same state and the mere halting thereof for the purpose of repacking in smaller containers and sending them back as one package for individual deliveries to the persons for whom they were intended in the first instance, cannot give the transaction the status of interstate commerce. The fact that the plaintiff

has a technical existence as a foreign corporation and the purchasers at retail are citizens of this state, would not impress the transactions with interstate character if the storeroom was kept in Louisiana and the orders filled with goods shipped from one point in the state to another. Neither does the fact that the shipment in going from one place to another in the same state, crosses over the state line and back into it again, make it interstate business. In the light of the admitted facts in this case, I am of the view that the effect or result is no different to what it would be under the circumstances last mentioned and the injunction should be denied. It will be time enough when and if the plaintiff company actually begins a bona fide business of acquiring and shipping into this state merchandise upon bona fide orders sent to it, to determine whether the practice of shipping in one large package to its own representative containing a number of smaller ones, intended to fill such orders to be delivered and collected for by such representative, is protected by the commerce clause of the Constitution.

Proper decree should be presented.